# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VAFA SHAMSAI-NEJAD, | ) |
| Plaintiff, | ) |
| | ) 2:12-cv-00422-JCM -VCF |
| v. | ) |
| | ) **ORDER AND** |
| | ) **REPORT & RECOMMENDATION** |
| TEAMSTERS UNION, *et al*, | ) |
| | ) Application to Proceed *In Forma* |
| | ) *Pauperis* (#1) |
| Defendants. | ) |

Before the court are plaintiff Vafa Shamsai-Nejad's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1). The court held a hearing on April 2, 2012, at 9:00 a.m. The plaintiff was the only party required to attend the hearing, as the defendants have not been served with the complaint and are not aware of the pending action.

**I.** *In Forma Pauperis* **Application**

In plaintiff Shamsai-Nejad's application, she asserts that she has zero take-home pay or wages, and that she has a zero balance in her checking and savings accounts. (#1). Plaintiff's monthly bills include an $800 house payment, a $360 car payment, a $106 insurance payment, and $198 in utility payments. *Id.* Plaintiff asserts that she receives $800 a month in child support/alimony which goes to welfare, and that welfare cut her benefits "for no reason." *Id.* Plaintiff owes $2,000 to Check City, $1,500 to Money Tree, and $3,500 to Capital One. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### A.   Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff alleges civil rights violations under 42 U.S.C. §

1983. (#1-1). A claim under this statute invokes the Court's federal jurisdiction.

**B.     Ability To Proceed *Pro Se***

In her complaint, plaintiff asserts civil rights violations against the Teamsters Union, Wade Kealoha, and CCPD for allegedly "(1) advocating a rapist, (2) raping own son, and (3) advocating rape by not initially investigating [her] report." (#1-1). As an initial concern, plaintiff should contact the authorities regarding the alleged rape, as rape is a state crime, and not a federal civil matter. *See* NRS 200.366. Plaintiff has not asserted any violations of her own civil rights, and all of the allegations in plaintiff's complaint relate to her son. (#1-1). Plaintiff is proceeding *pro se,* and stated during the hearing that she cannot afford an attorney.

The Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously." *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)(citing *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990). Although a plaintiff may appear *pro se* on his or her own behalf, an individual "has no authority to appear as an attorney for others than himself." *Id.* (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). With regard to parents representing the interests of their children, the Ninth Circuit agrees with other circuits that have addressed the issue, and finds that "it is not in the best interest of minors or incompetents that they be represented by non-attorneys." *Id.* (quoting *Osei-Afriyie v. Medical College,* 937 F.2d 876, 882–83 (3d Cir. 1991). The issue of whether a "parent can bring a *pro se* lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." *Id.* at 877 (internal quotations and citations omitted). Specifically relevant to this action, courts have held that a parent's claims "alleging child abuse or seeking damages suffered by the children must" be dismissed if the parent is purporting to represent the child in a *pro se* capacity. *Delaney v. Souther-Wyatt*, 2001 WL 34041896 *1 (D.Or. Jul 11, 2001).

Based on the clear Ninth Circuit precedent, plaintiff cannot appear *pro se* on behalf of her son, and must retain counsel. See *Johns*, 114 F.3d at 877. There are organizations in Nevada that provide

services to those who are unable to afford an attorney, such as plaintiff, and plaintiff is advised to contact such organizations to inquire regarding obtaining an attorney.[1]  The court hereby recommends that the plaintiff's complaint be dismissed *without prejudice* for plaintiff to retain counsel and re-file her complaint.  *Id.* (holding that the District Court should have dismissed the parent's claims on behalf of his son without prejudice, thereby giving the parent an opportunity to obtain counsel to protect his son's rights, and that the son should "not be prejudiced by his father's failure to comply with the court order.").

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff Vafa Shamsai-Nejad's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the Clerk of Court shall be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) shall be dismissed *without prejudice* for plaintiff to obtain counsel and re-file the complaint within thirty-three (33) days from the date the clerk mails the plaintiff the court's order dismissing the complaint.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

---

[1] The Legal Aid Center of Southern Nevada is located at 800 S. Eighth St. Las Vegas, NV 89101, and plaintiff can obtain more information by visiting  www.lacsn.org or by calling (702) 386-1070.

4

objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)

DATED this 2nd day of April, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**